[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 15, 1996 Date of Application May 29, 1996 Date Application Filed June 5, 1996 Date of Decision June 24, 1997
Application for review of sentence imposed by the Superior Court, G.A. 17 at Bristol.
Shari Bornstein, Esq., Defense Counsel, for Petitioner.
Brian Preleski, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
After a contested hearing, this petitioner was found to be in violation of probation and the unexecuted portion of his sentences (7 years) was imposed.
He was originally sentenced on May 29, 1991, as follows:
CR 91-72532 — Conspiracy to commit robbery, 2nd degree
 7 years, execution suspended after 3 years, with 3 years of probation. This crime involved a convenience store robbery at approximately 1:45 A.M.
CR 91-72530 — Burglary, 3rd degree
 3 years, execution suspended after 1 1/2 years, consecutive. This crime was burglary into a church with items valued at $1400 taken.
CR 91-72533 — Burglary, 3rd degree.
 3 years execution suspended after 1 1/2 years, consecutive. This crime involved a burglary into a restaurant by cutting a hole in the roof.
 The total effective sentence imposed was 13 years, suspended after 6 years, with probation for 3 years.
The petitioner was released from incarceration on April 4, 1995 and his probation then commenced. Within a few months he was failing to comply with conditions of probation in the following particulars: he was making no restitution and failing to report as directed. He was eventually ordered arrested and in December 1995, he was arrested in Biddleford, Maine on charges of narcotics trafficking and terrorizing a peace officer, which resulted in him being located and held on the probation charge. He had not notified his probation officer that he had left the state or that he had changed addresses. (The Maine charges were dropped). CT Page 8057
Based on the foregoing the petitioner was found in violation of probation.
Petitioner's counsel argues that the petitioner is not experienced in the criminal justice system and was not aware of the ramifications of his actions. The petitioner states he thought he had verbal permission to move to Maine (the probation officer testified to the contrary), and that he has no new criminal convictions.
Reviewing the sentence pursuant to § 942 of the Practice Book, the Division finds it neither unreasonable nor disproportionate. He was convicted of three felonies and the sentences originally imposed were fair and appropriate.
His failure to comply with the conditions of probation could reasonably lead the Court on review to determine the beneficial purposes of probation could not be achieved by this petitioner.
Accordingly, the sentence is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.